UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSE ALONSO GARCIA                                                                                   PLAINTIFF

v.                                        No. 2:20-CV-02165

OFFICER MADDOX,
Sebastian County Detention Center                                                          DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Officer Maddox's motion (Doc. 51) in limine.  The motion will be denied without prejudice.

On September 12, 2018, Plaintiff Jose Alonso Garcia was sentenced to 188-months' imprisonment after pleading guilty to one count of aiding and abetting possession with intent to distribute 5 grams or more of methamphetamine in case number 2:17-CR-20024-003.  Plaintiff's scheduled release date is May 4, 2032.  Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 alleging that while he was a pretrial detainee at Sebastian County Detention Center Defendant Officer Maddox used excessive force against Plaintiff when Defendant pepper-sprayed Plaintiff in the back of the head during an alleged altercation.

During Plaintiff's time in the Bureau of Prisons ("BOP"), he has received several high severity disciplinary reports, including assaulting without serious injury, threatening bodily harm, and two incidents of fighting with another person.  Because of these reports, Plaintiff has been categorized as a "HIGH" security inmate at the high security institution at USP Florence, CO.[1]  Due to the security risks posed by Plaintiff's disciplinary record and status as a high-risk inmate, the Court will not order the BOP to make Plaintiff available to be present at a trial of this matter.

---

[1] This information was submitted to the Court via email from Plaintiff's case manager at the BOP.

1

The Eighth Circuit has stated that parties do not have a constitutional right to be present during civil proceedings in district court. *Fruit v. Norris*, 905 F.2d 1147, 1150 n.6 (8th Cir. 1990) (citing *Dorsey v. Edge*, 819 F.2d 1066, 1067 (11th Cir. 1987)); *see also Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984) (stating that while prisoners do have right of access to the courts, "[t]he right to access does not necessarily mean the right to be physically present at the trial of a civil suit"). "Considerations of expense, security, logistics, and docket control may prevent according a prisoner plaintiff an absolute right to be present." *Conn v. City of Omaha*, No. 12-CV-75, 2013 WL 6222143, at *1 (D. Neb. Nov. 29, 2013).

Here, because Plaintiff did not suffer a significant injury from the pepper spray, Plaintiff will likely only be entitled to $1 in nominal damages should he succeed at trial. *See Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005). Plaintiff may also be awarded punitive damages if the factfinder finds that Defendant's conduct was "shown to be motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." *Williams v. Hobbs*, 662 F.3d 994, 1011 (8th Cir. 2011). However, the Court must take into consideration that the expense of transporting Plaintiff to trial will likely be disproportionate to the amount which could possibly be recovered if Defendant is found liable.

More critical to the Court, however, are the security concerns raised by Plaintiff's classification as high-risk prisoner and his serious disciplinary history during his relatively brief incarceration. Because of the Court's security concerns, Plaintiff is not required to be present for trial. Further, because Plaintiff is currently proceeding pro se, counsel will be appointed to represent Plaintiff at trial. Should Plaintiff wish to testify at trial, he may testify via deposition in accordance with Federal Rule of Civil Procedure 32.

IT IS THEREFORE ORDERED that counsel will be appointed to represent Plaintiff. The

trial of this matter will be continued and will be reset after counsel has been appointed for Plaintiff, and Plaintiff's counsel has had the opportunity to depose Plaintiff.

      IT IS FURTHER ORDERED that Defendant's motion (Doc. 51) in limine will be DENIED WITHOUT PREJUDICE to its refiling after the trial of this matter has been reset.

      IT IS SO ORDERED this 20th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE